## THE BAYONNE.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 139.

1. COLLISION (§ 22*)—INEVITABLE ACCIDENT.

The conclusion that a collision was due to inevitable accident should only be adopted if either the cause of the collision is shown and that it was unavoidable or else that all possible causes were unavoidable.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 19; Dec. Dig. § 22.*]

2. COLLISION (§ 82*)—FOG—MODERATE SPEED.

No precise rate of speed in a fog can be held moderate in all cases, but each case must be determined on its own circumstances.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 170–174; Dec. Dig. § 82.*

Collision rules, speed of steamers in fog, see note to The Niagara, 28 C. C. A. 532.]

3. COLLISION (§ 100*)—STEAM VESSELS CROSSING—FAILURE TO HEAR FOG SIGNALS—BOTH VESSELS IN FAULT.

A collision on the Hudson in a dense fog between one of two tugs passing up with a number of boats in tow and a crossing steam lighter held due to the faults of both vessels in failing to listen for and hear each others' fog signals, and then to stop and navigate with caution, as required by article 16 of the Inland Rules, 30 Stat. 99 (U. S. Comp. St. 1901, p. 2880).

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 213–215; Dec. Dig. § 100.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the Cornell Steamboat Company, as owner of the steam tug Edwin Terry, against the steam lighter Bayonne; the Central Railroad of New Jersey, claimant. Decree for respondent, and libelant appeals. Reversed.

Amos Van Etten, of Kingston, N. Y., for appellant.

Jas. J. Macklin, of New York City (De Lagnel Berier, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. April 5, 1911, the steam tug Edwin Terry, and the steam tug J. H. Williams on her port side as helper, were towing a flotilla of 12 light boats on hawsers up the North river in a thick fog against an ebb tide of two knots. At the same time the steam lighter Bayonne was crossing the river on her way from Communipaw to Pier 10 on the New York side. At a point about opposite Pier A the Bayonne came into collision with the Terry. As soon as they discovered each other all the vessels went full speed astern. The Williams being shorter than the Terry, and having a single engine which could be reversed sooner than a compound, got out of the way, but the Bayonne struck the port bow of the Terry and rolled her over so that her smokestack carried away and the cook was thrown out of the kitchen into the water.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The district judge found that fog signals were blown, but thought it quite common that such signals are not heard. As to speed he found that the Bayonne was proceeding at the rate of 3½ miles and the tugs at 3 miles an hour. He thought this speed necessary to maintain steerageway and therefore that it should be considered moderate. As a result he found the collision to have been due to inevitable accident. This is a conclusion not to be lightly arrived at. It should only be adopted if either the cause of the collision is shown and that it was unavoidable or else all possible causes must be shown to have been unavoidable. The Edmund Moran, 180 Fed. 700, 104 C. C. A. 552. The cause of the collision was the fog and the means of avoiding its effect were to go slowly and to give and listen for fog signals.

[2] We are not at all convinced that on an ebb tide such speed was necessary for steerageway nor that under the rule laid down by the Supreme Court in the case of The Umbria, 166 U. S. 404, 412, 17 Sup. Ct. 610, 614, 41 L. Ed. 1053, such speed, even if necessary for steerageway, is moderate if the vessel cannot avoid another vessel which is herself complying with the law, after discovering her. Counsel relies upon the case of the No. 4, 161 Fed. 847, 88 C. C. A. 665 in which we held that the speed of the lighter of 3½ knots was moderate. The Supreme Court also said in the case of the Umbria that the Iberia's speed of 4 knots was moderate. Every case, however, depends upon its own circumstances. There is no precise rate that can be held moderate in all cases. For instance, the lighter in the case of The No. 4 was being overtaken by the steamer Morse, which was going at an immoderate speed. The faster the lighter went the longer would be the interval within which the vessels might avoid collision. In the case of The Umbria that steamer's speed of 19 knots was so reckless that the Iberia's speed of 4 knots was negligible.

[3] This case, however, can be disposed of upon the other ground which counsel were apparently a little chary of touching. The libel charged the Bayonne with fault for not blowing signals and the answer made the same charge against the tow. The witnesses for the libelant testified that the Terry, which was in charge of the tow and whose duty it was to give the fog signal, did so regularly. Likewise the witnesses from the Bayonne said her fog whistle was blown regularly. We believe this testimony because it is quite unlikely that in such a fog signals were not being blown. The vessels were quite near each other, and there was nothing to interfere with the sound. It follows that those on each vessel were at fault for not hearing the signal of the other. The signal must have sounded from a point forward of abeam, and, if heard, each vessel should have stopped her engines and navigated with caution, as required by article 16 of the Inland Rules. There can be little doubt that by so doing the collision would have been avoided.

The decree is reversed, and the court below directed to enter a decree in favor of the libelant for half damages, with half costs of the District Court and full costs of this court.